## JOHN A. COBURN *v.* SAMUEL M. WHIRNER.

**Nuisance—Public—Action for Cannot be Maintained by Private Individual.**

> If a man close up a public highway, whereby it is stopped up to the use of the public, it is a nuisance, common to all, for which he may be prosecuted by the commonwealth, but a suit against him cannot be maintained by a private individual.

**Roads and Passways—Prescription—Title by.**

> The right to a private passway may be acquired by continual user for 15 years under claim of right.

### APPEAL FROM MASON CIRCUIT COURT.

February 15, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The passway claimed by appellee seems at one time to have been an alley or one of the public ways of the town of Germantown. If the deed from the trustees to appellant was void, then he was guilty of the commission of a public nuisance, for which he might have been proceeded against by a public prosecution, but for which no action would lie in favor of a private individual.

If a man close up a public highway, whereby it is stopped up to the use of the passengers, it is a nuisance common to all, for which he may be prosecuted by the Commonwealth, and punished, but a suit against him cannot be maintained by a private individual who has only sustained the injury common to all of being turned out of the way.

Assuming it to be true that the deed from the trustees did not pass the title to appellant, he had no right to erect and keep the gate, put up by him immediately after his alleged purchase. The passway still remained a public highway, notwithstanding the gates, and when they were taken down and the passway closed up by a fence, a public nuisance was committed for which a private individual cannot maintain an action. *Barr & Yeiser v.*

*Stevens,* 1*st Bibb* 292.    Instruction No. 1, given upon motion of appellee, conflicts with this view of the law and was erroneous and misleading.    There is some testimony in the record tending to show that those under whom appellee holds, were about to resist the discontinuance of the alley in question, notwithstanding the deed from the trustees, and that to avoid litigation, appellant entered into some arrangement with them, whereby he secured the right of a private passway.    If they entered upon the enjoyment of the passway under such an arrangement, and for fifteen years preceding the time when it was stopped up by appellant's fence, used it under a claim of right, then they acquired title thereto by prescription as against appellant, and might have recovered against him in this action upon such title.

But in view of the fact that this question was not submitted to the jury, and the right of recovery based upon the illegality of the deed from the trustees of Germantown, we are of opinion that the error was such as to require a reversal of the judgment.

The cause is remanded for a new trial consistent with this opinion.

*Barbour & Cochran, Taylor & Gill, for appellant.*
*Phister, for appellee.*